JUSTICE TRIEWEILER:
¶75 I join Justice Leaphart’s dissent, but add the following observation.
¶76 Section 50-53-107, MCA, requires that when a lifeguard is not provided at a privately owned public swimming pool, a person trained in cardiopulmonary resuscitation be on the premises and “accessible to the pool.” A common sense interpretation of this requirement would mean that the person trained in CPR be in a position to administer CPR at a point in time when it would have some lifesaving and beneficial effect. The fact that Schwabe drowned in the unattended pool and was beyond resuscitation by the time he was found was a direct result of the Defendants’ failure to comply with § 50-53-107(2)(b), MCA, by having someone trained in CPR accessible to the pool at a point in time when that person’s assistance would make a difference. ¶77 I agree with Justice Leaphart that the majority opinion allows the Defendants’ failure to comply with § 50-53-107, MCA, to insulate it from liability. Schwabe’s family cannot prove why he drowned, nor that he could have been resuscitated because there was neither anyone there to observe him nor anyone accessible who could administer CPR in a timely fashion. No reasonable interpretation of the law would allow a defendant to benefit in this manner from its violation of the law.
¶78 For these reasons, I join in Justice Leaphart’s opinion and dissent from the majority opinion.